## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

LAUREN SCOTTOLINE, individually
and as Parent and Guardian of J.S.S., a
Minor, and STEVEN SCOTTOLINE,
Parent of J.S.S., a Minor,

   Plaintiffs,

   v.

WOMEN FIRST, LLC, and
CHRISTIANA CARE HEALTH
SYSTEM, INC.

   Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

C.A. No.: N19C-08-135 FWW

Submitted: January 26, 2024
Decided: January 31, 2024

*Upon Defendants' Motion for Summary Judgment*
**GRANTED.**

## <u>ORDER</u>

Bruce L. Hudson, Esquire, Joshua J. Inkell, Esquire, and Daniel P. Hagelberg, Esquire, HUDSON, CASTLE & INKELL, LLC, 2 Mill Road, Suite 202, Wilmington, Delaware 19806, and Gregg W. Luther, Esquire and Melinda Young, Esquire, The Keenan Firm, 495 Grand Boulevard, Miramar Beach, FL 32550, Attorneys for Plaintiffs.

Bradley J. Goewert, Esquire, and Thomas J. Marcoz, Jr., Esquire, MARSHALL DENNEHEY WARNER COLEMAN & GOOGIN, 1007 N. Orange Street, Suite 600, P.O. Box 8888, Wilmington, Delaware 19899, and David Batten, Esquire, BATTEN LEE, 4141 Parklake Avenue, Suite 350, Raleigh, North Carolina 27612, Attorneys for Defendant Women First, LLC

John D. Balaguer, Esquire, BALAGUER MILEWSKI & IMBROGNO 2961 Centerville Road, Suite 300, Wilmington, Delaware 19808, Attorneys for Defendant Christiana Care Health System, Inc.

**WHARTON, J.**

This 31st day of January 2024, upon consideration of the joint Motion for Summary Judgment of Defendants Christiana Care Health System, Inc. ("CCHS") and Women First, LLC ("Women First") (collectively "Defendants"),[1] the Response of Plaintiffs Lauren Scottoline, individually, and as Parent and Guardian of J.S.S., a minor, and Steven Scottoline, Parent of J.S.S., a minor ("Scottolines" or "Plaintiffs"),[2] and the record in this case, it appears to the Court that:

1.     The Scottolines brought this medical negligence action following the birth of their child, J.S.S.  The gravamen of their complaint is that J.S.S. was deprived of oxygen during labor and delivery and sustained injuries, some of which are permanent, as a result of negligent medical care.  CCHS first moved *in limine* to exclude Dr. Daniel Adler's ("Dr. Adler") opinion that a brain injury J.S.S suffered during delivery caused his autism spectrum disorder.[3]  That effort was successful when the Court, analyzing the motion under Delaware Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.,*[4] concluded that Dr. Adler's causation opinion as to J.S.S.'s Autism Spectrum Disorder was not admissible because it did not have a reliable scientific basis that it was not the product of a

---

[1] Defs.' Mot. Summ. J., D.I. 223.
[2] Pls.' Resp. D.I. 228.
[3] Defs.' First Mot. *in Limine* (Dr. Adler), D.I. 162.
[4] *Daubert v. Merrell Dow Pharmaceuticals, Inc.* 509 U.S. 579 (1993).

3

reliable methodology and amounted to "little more than the expert's *ipse dixit* conclusions."[5]

2.      A pretrial conference was held on March 10, 2023. The primary discussion topic was what remained, if anything, of the Scottolines' causation and damages claims. As a result of that discussion, the Court granted CCHS' oral motion to continue the trial, then scheduled for April 3rd, rescheduling the trial to January 29, 2024, with the expectation that further discovery would take place.[6]

3.      On June 8, 2023, Dr. Adler completed another medical report on J.S.S. ("Third Adler Report").[7] CCHS again moved to exclude from trial the opinions stated in the Third Adler Report "for the same reasons it precluded the opinions in his previous reports."[8] In their response, Plaintiffs, relying on *Norman v. All About Women, P.A.*,[9] argued that Dr. Adler's opinion was admissible pursuant to D.R.E. 702.[10] Alternatively, Plaintiffs requested an evidentiary hearing with Dr. Adler to answer questions regarding his causation opinion.[11]

---

[5] *Scottoline v. Women First, LLC*, 2023 WL 2325701 (Del. Super. Ct. Mar. 1, 2023)

[6] D.I. 188.

[7] *See,* Pls.' Response to Defs.' Second Mot. *in Limine* (Dr. Adler),Ex., C, ("Third Adler Report"), D.I. 204.

[8] CCHS' Second Mot. *in Limine* (Dr. Adler), at ⁋ 9, D.I. 193.

[9] 193 A.3d 726 (Del. 2018).

[10] Pls.' Response to Defs.' Second Mot. *in Limine* (Dr. Adler), *passim*, D.I. 204.

[11] *Id.* at ⁋ 26.

4. The Court concluded that the Third Adler Report's causation opinion left the parties in the same position as they were at the pre-trial conference in that the Third Adler Report expressed an opinion that was practically indistinguishable from the one the Court had ruled inadmissible.[12] The Court also addressed Plaintiffs' request, made at oral argument, that the Court reconsider its Memorandum Opinion under Superior Court Civil Rule 60.[13] The Court contrasted Rule 60 with Superior Court Civil Rule 59(a) and concluded that a fair reading of the Plaintiffs' Response showed it more properly to be a Rule 59(e) motion for reargument since it was based almost exclusively on the contention that the Court either overlooked or misapprehended controlling legal precedent, *i.e.*, *Norman*.[14] The Court held that properly construed as a motion for reargument, it was untimely.[15] The Court further held that even if it were to treat Plaintiffs' request as a Rule 60 motion for reconsideration, they had not demonstrated "extraordinary circumstances" warranting relief.[16]

---

[12] *Scottoline v. Women First, LLC,* 2023 WL 8678617 at *4 (Del. Super. Ct. Dec. 15, 2023).

[13] *Id.*

[14] *Id.*

[15] *Id.* Plaintiffs did explain why they failed to move for reargument after the Court's Memorandum Opinion of March 1, 2023 before the pretrial conference on March 10th.

[16] *Id.*

5. On December 26, 2023, the Scottolines applied to this Court for certification of an interlocutory appeal of the Court's order granting the Defendants' second motion *in limine*.[17] After considering the application and applying the criteria of Delaware Supreme Court Rule 42(b)(iii), the Court concluded that its order granting the Defendant's second motion *in limine* to exclude Dr. Adler's opinion testimony did not determine a substantial issue of material importance that merits appellate review before a final judgment, and refused the application.[18] In refusing the application, the Court observed in response to the Scottolines' contention that interlocutory review would conserve judicial resources:

> It is difficult to understand how an interlocutory appeal will result in substantial conservation of judicial resources. The option of Plaintiffs proceeding to trial without a causation expert does not seem realistic. If the interlocutory appeal is refused, the Defendants intend to move for summary judgment. The Defendants anticipate that such a motion essentially would be unopposed. The Plaintiffs seemed to concede as much at argument on the Defendants' second motion *in limine.* In the Court's view, there is no need for an interlocutory review when a direct appeal likely will be available to them in very short order.[19]

---

[17] Pls.' Application, D.I. 219.
[18] *Scottoline v. Women First, LLC,* 2024 WL 65952 (Del. Super. Ct. Jan. 5, 2024).
[19] *Id.* at *3.

6. On January 10, 2024 the Defendants jointly moved for summary judgment.[20] The Scottolines appealed the Court's refusal of their application for certification of an interlocutory appeal to the Delaware Supreme Court on January 16, 2024. The Scottolines responded in opposition to the Defendants' summary judgment motion on January 26th.[21] The Delaware Supreme Court has neither accepted nor refused the Scottolines' interlocutory appeal as of the date of this order. Because Delaware Supreme Court Rule 42(e) provides that "The pendency of an appeal under this rule shall not operate as an automatic stay," this Court decides the motion for summary judgment.

7. The motion references this Court's decisions excluding Dr. Adler's causation opinion testimony and asserts that, without that testimony, the Scottolines will be unable to establish the cause of J.S.S.'s injuries.[22] Thus, they are entitled to summary judgment.[23]

8. It seems the Scottolines have developed a more optimistic view of their chances of avoiding summary judgment then they held when they responded to Defendants' second motion *in limine*. There they expressed the view, confirmed at

---

[20] Defs.' Mot. Summ. J., D.I. 223.
[21] Pls.' Resp., D.I. 228.
[22] Defs.' Mot. Summ. J. at ▯▯ 3, 5, 8, D.I. 223.
[23] *Id.* at ▯ 8.

argument, that exclusion of Dr. Adler's opinion "would effectively end Plaintiff's [sic] case."[24] Now, they oppose Defendants' motion for summary judgment.[25] They contend that "there exists a material issue of fact about the origins of J.S.S.'s behaviors and challenges - whether they are from ASD alone or related significantly to the HIE injury as well."[26] The Scottolines argue that in neither opinion did the Court wholly exclude Dr. Adler's opinion, but only his opinion that HIE caused J.S.S.'s behavior within the autism spectrum.[27] They ask the Court to:

> exercise its authority under Del. Super. Civ. R. 60 to amend the March 10, 2023 Order limiting Dr. Adler's proposed trial testimony and the subsequent December 15, 2023 Order excluding the trial testimony of both Dr. Adler and plaintiff's [sic] life care planner, Jody Masterson, by allowing both Dr. Adler and Ms. Masterson to testify at trial as Plaintiffs' designated expert witnesses.[28]

9.     Superior Court Civil Rule 56(c) provides that summary judgment is appropriate if "there is no genuine issue as to any material fact and that the moving

---

[24] Pls.' Resp. to Defs.' Second Mot. *in Limine* (Dr. Adler) at ‖ 25, D.I. 204.
[25] Pls.' Resp, D.I. 228.
[26] *Id*. at ‖ 12.
[27] *Id.* at ‖ 15.
[28] *Id.* at ‖ 16.

8

party is entitled to a judgment as a matter of law."[29] The moving party initially bears the burden of demonstrating that the undisputed facts support its claims or defenses.[30] If the moving party meets its burden, the burden shifts to the non-moving party to show that there are material issues of fact to be resolved by the ultimate fact-finder.[31] When considering a motion for summary judgment, the Court's function is to examine the record, including "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," in the light most favorable to the non-moving party to determine whether genuine issues of material fact exist "but not to decide such issues."[32] Summary judgment will only be appropriate if the Court finds there is no genuine issue of material fact. When material facts are in dispute, or "it seems desirable to inquire more thoroughly into the facts, to clarify the application of the law to the circumstances," summary judgment will not be appropriate."[33] However, when the facts permit a reasonable

---

[29] Super. Ct. Civ. R. 56(c); *Buckley v. State Farm Mut. Auto. Ins. Co.*, 139 A.3d 845, 847 (Del. Super. Ct. 2015), aff'd, 140 A.3d 431 (Del. 2016) (quoting *Moore v. Sizemore*, 405 A.2d 679, 680 (Del.1979).

[30] *Sizemore*, 405 A.2d at 681.

[31] *Brzoska v. Olson*, 668 A.2d 1355, 1364 (Del. 1995).

[32] Super. Ct. Civ. R. 56(c); *Merrill v. Crothall-Am., Inc.*, 606 A.2d 96, 99-100 (Del. 1992).

[33] *Ebersole v. Lowengrub*, 180 A.2d 467, 468-60, (Del. 1962) (citing *Knapp v. Kinsey*, 249 F.2d 797 (6th Cir. 1957)).

person to draw but one inference, the question becomes one for decision as a matter of law.[34]

10.     The Defendants have met their initial burden of demonstrating that the undisputed facts support their contention that the Scottolines are unable to establish the necessary element of causation for their medical negligence claim with expert testimony, due to the exclusion of the expert testimony of their only causation expert, Dr. Adler. The Scottolines acknowledge that Dr. Adler is their sole expert witness on the issue of causation. Yet, they contend that a genuine issue of material fact exists as to causation because only Dr. Adler's opinion that HIE caused J.S.S.'s autism spectrum behavioral syndrome was excluded. Although the Scottolines state that causation issues of fact remain, they do not identify any other opinion from Dr. Adler, or any other expert, that raises such an issue to be resolved by the fact finder. They insist that the Defendants' claim that Plaintiffs have no expert testimony to establish causation is "entirely erroneous."[35] If they are correct, the motion for summary judgment presents them with the opportunity, indeed, the obligation, to identify that testimony for the Court. They identify no such testimony. When the burden shifts back to them, they fail to meet it.

---

[34] *Wooten v. Kiger*, 226 A.2d 238, 239 (Del. 1967).
[35] Pls.' Resp. at ⁋ 14, D.I. 228.

10

11.     Finally, the Court notes that the Scottolines again ask the Court to "amend" it previous orders under Superior Court Rule 60 to allow for its experts' testimony. "Amend," as used here, plainly means "reconsider." As the Court explained when it granted the Defendants' second motion *in limine*, there were no extraordinary circumstances warranting reconsideration under Rule 60, and, further, a fair reading of the Scottolines' argument revealed it to be an untimely "Rule 59(e) motion [for reargument] in disguise."[36] Nothing in the Scottolines' Response alters the Court's view.

**THEREFORE,** Defendants' Motion for Summary Judgment is **GRANTED.**

**IT IS SO ORDERED.**

<u>**/s/ Ferris W. Wharton**</u>
Ferris W. Wharton, J.

---

[36] *Scottoline,* 2023 WL 8678617 at *4.